UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| AHMED SADEK, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:21-cv-00374-JAW |
| | ) | |
| OFFICER UNDERWOOD, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW OF COMPLAINT**

Plaintiff alleges that two correctional officers violated his constitutional rights through their harassing and offensive comments. (Complaint, ECF No. 1; Attachment, ECF No. 1-1.) Plaintiff's complaint is subject to a preliminary review "before docketing, if feasible or … as soon as practicable after docketing," because plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of Plaintiff's allegations, I recommend the Court dismiss the complaint.

**FACTUAL ALLEGATIONS**

Plaintiff, who is currently confined at the Allenwood Federal Correctional Institution, asserts that two correctional officers harassed him between August 2019 and November 2019 while he was held at the Cumberland County Jail. According to Plaintiff, the officers' comments consisted of "ethnic slights," which included reference to suicide

bombers and extremists. The comments were made verbally and in handwritten messages posted on Plaintiff's cell window.

## LEGAL STANDARD

Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The relevant question . . . in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed in toto to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez*, 711 F.3d 49, 55 (1st Cir. 2013) (quoting T*wombly*, 550 U.S. at 569 n. 14).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the

relevant legal standard." *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013); s*ee also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

**DISCUSSION**

The issue is whether Plaintiff has alleged facts that would support a finding of a constitutional deprivation. "The First Circuit has established that '[f]ear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest.'" *Badger v. Correct Care Sols.*, No. 1:15-cv-00517-JAW, 2016 WL 1430013, at *4 (D. Me. Apr. 11, 2016) (quoting *Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir. 1991), *abrogated on other grounds, Martinez v. Cui*, 608 F.3d 54 (1st Cir. 2010)); s*ee also Reichert v. Abbott*, No. 19-1876, 2020 WL 5588647, at *1 (1st Cir. June 8, 2020) ("verbal abuse or harassment has not been found to violate the Eighth Amendment"); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) ("It is clear that verbal abuse by a prison guard does not give rise to a cause of action under § 1983"). As the Court in *Lapomarda v. Skibinski*, Civil No. 9-377-P-H, 2009 WL 4884500 (D. Me. Dec. 10, 2009), explained, "'[s]tanding alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws.'" *Id.* at *3 n.2 (quoting *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) (abrogated on other grounds)).

In this case, while the alleged statements and writings in this case can be characterized as reprehensible and offensive, they do not constitute a constitutional

violation. *DeWalt*, 224 F.3d at 612 ("[t]he use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution"). Accordingly, Plaintiff has not alleged an actionable federal claim.[1]

## CONCLUSION

Based on the foregoing analysis, after a review in accordance with 28 U.S.C. § 1915A, I recommend the Court dismiss the complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 8th day of March, 2022.

[1] Plaintiff also alleges "federal hate crimes." (Complaint at 4.) To the extent Plaintiff purports to assert a criminal action, Plaintiff has no authority to initiate criminal proceedings. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (private citizens lack a judicially cognizable interest in the criminal prosecution of another); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) ("Generally, a private citizen has no authority to initiate a federal criminal prosecution."); *Briand v. Lavigne*, 223 F. Supp. 2d 241, 251 (D. Me. 2002) (citing *Cok*).